IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MARIELA NIEVES, et al.,**

　Plaintiffs,

　v.                                                   Civil No. 10-1959 (GAG)

**SCOTIABANK OF PUERTO RICO,**

　Defendant.

## MEMORANDUM OPINION AND ORDER

On October 4, 2010, Plaintiffs Mariela Nieves, her husband Ricardo Resto and the conjugal partnership composed by them ("Plaintiffs") filed this action seeking damages for violations to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* (Docket No. 1). Plaintiffs filed a second verified amended complaint ("amended complaint") on January 25, 2011 (Docket No. 20). On February 4, 2011, defendant Scotiabank of Puerto Rico ("Scotiabank") moved to dismiss Plaintiffs' claims (Docket No. 23). Plaintiffs opposed on March 22, 2011 (Docket No. 26). For the reasons discussed below, the court **GRANTS** the motion to dismiss at Docket No. 23.

The FCRA requires furnishers of credit information to investigate the accuracy of reported information upon receiving notice of a dispute. See 15 U.S.C. § 1681s-2(b). "[C]onsumers have a private cause of action for willful or negligent violations of Section 1681s-2(b), committed by furnishers of information, as to inaccurate information reported in the consumer's credit history report, when such information is affirmatively 'disputed' by the consumer." Gonzalez-Bencon v. Doral Bank, 2010 WL 5490853 at *4 (D.P.R. Jan. 4, 2010) (citing Vazquez-Garcia v. Trans Union De Puerto Rico, 222 F. Supp. 2d 150, 157 (D.P.R. 2002)). A furnisher of information's failure to comply with the requirement of investigation and response gives rise to liability under the FCRA. Id. (citing Vazquez-Garcia, 222 F. Supp. 2d at 158). Nevertheless, "this private cause of action is not triggered until after the furnisher of information receives notice of the dispute from a consumer reporting agency, not just the consumer." Vazquez-Garcia, 222 F. Supp. 2d at 158 (emphasis in the

**Civil No. 10-1959 (GAG)**                                   2

original).

In its motion to dismiss, Scotiabank contends that Plaintiffs have failed to establish a viable claim under the FCRA because they did not comply with the FCRA's requirements.  It argues that Plaintiffs do not allege that they first disputed the information in a credit report with the credit reporting agency and that the credit reporting agency provided notice of the dispute to Scotiabank. (See Docket No. 23 at 13.)  Scotiabank acknowledges that the amended complaint does allege Plaintiffs disputed the information in two other credit reports with the credit reporting agency. However, it argues that Plaintiffs also fail to allege that the Scotiabank was notified of these two disputes by the credit reporting agency.  (See Docket No. 23 at 13-14.)

After reviewing the amended complaint, the court finds that Plaintiffs do not specifically plead that the credit reporting agency provided notice of any disputes to Scotiabank, as required by the FCRA.  Because it is not clear whether the duties imposed on Scotiabank by Section 1681s-2(b) were effectively triggered, Plaintiffs' amended complaint fails to state a claim against Scotiabank under the FCRA. See Gonzalez-Bencon, 2010 WL 5490853 at *4 (D.P.R. Jan. 4, 2010) (finding that a plaintiff's failure to specifically allege that a credit reporting agency provided notice of the dispute to the furnisher of information is fatal to a Section 1681s-2(b) claim)).  Accordingly, the court **GRANTS** Scotiabank's motion to dismiss at Docket No. 23.

.

**SO ORDERED**.

In San Juan, Puerto Rico this 31st day of March, 2011.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge